45 F.3d 432
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
 Anthony GRAU, Plaintiff-Appellant,
v.
Jerry D. GILMORE, et al., Defendants-Appellees.
 No. 94-2182.
 United States Court of Appeals, Seventh Circuit.
 Argued Dec. 13, 1994.
Decided Dec. 27, 1994.
 
 Before CUDAHY, FLAUM and EASTERBROOK, Circuit Judges.
 
 ORDER
 
 1
 Anthony Grau, a prisoner of Illinois, contends that the guards failed to protect him from an assault by another inmate. To make out a constitutional claim, Grau had to establish that the defendants actually knew of the risk and deliberately exposed him to it. Farmer v. Brennan, 114 S.Ct. 1970 (1994). To be liable, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id. at 1979.
 
 
 2
 Defendants moved for summary judgment, having earlier submitted affidavits denying knowledge of any risk. Although represented by counsel, Grau did not respond to the motion. The district judge understandably found the evidence one-sided and entered judgment for the defendants. On appeal, Grau insists that the judge should have allowed him more time for discovery. But he did not file an affidavit under Fed.R.Civ.P. 56(f) explaining that more discovery was essential. He simply ignored the motion, and he did not file a Rule 56(f) affidavit or make an equivalent demonstration even in post-judgment motions.
 
 
 3
 A court is not required to delay proceedings, without request from either side, when the record permits prompt decision. Farmer sets a steep hurdle for plaintiffs in cases of this kind. By suing the prison's warden and internal affairs investigator, and the director of the Illinois Department of Corrections, Grau set himself a particularly hard task, for such administrative personnel are much less likely to have actual knowledge than are the guards who might receive reports of impending hostilities. On this record, the only proper decision is the one the district judge entered.
 
 
 4
 AFFIRMED.